UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SOLOMON WILLIAMS,                      )
                                       )
                     Plaintiff,        )
                                       )
v.                                     )   No. 1:26-cv-00601-JRO-MJD
                                       )
GET FRESH PRODUCE, INC.,               )
                                       )
                     Defendant.        )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on *pro se* Plaintiff Solomon Williams's

Motion for Leave to Proceed *In Forma Pauperis*.  Dkt. [2].  Williams sues his

former employer, Get Fresh Produce, LLC (misidentified as "Get Fresh Produce,

Inc." in the complaint), alleging racial discrimination, retaliation, and wrongful

termination.  Dkt. 1.  Because the Court **GRANTS** Williams's motion to proceed

*in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  For the reasons below, Williams's claims shall proceed as

submitted, and the Court directs further proceedings as described in section V

of this order.  Get Fresh Produce's motion for an extension of time to respond to

the complaint, dkt. [16], is also **DENIED AS MOOT**; it shall respond to the

complaint in due course after service is effected.

**I. IN FORMA PAUPERIS STATUS**

The Court may authorize a plaintiff to file a lawsuit "without prepayment

of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the

assets to pay the filing fee at this time.  28 U.S.C. § 1915(a)(1).  Williams's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees.  "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees.  Unsuccessful litigants are liable for fees and costs and must pay when they are able."  *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)).  The filing fee for *in forma pauperis* litigants is $350.00.  No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient.  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief.  *Id.*  Dismissal under § 1915(e) is an exercise of this Court's discretion.  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff."  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).  To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed.  *Twombly*, 550 U.S. at 555.  Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged.  Fed. R. Civ. P. 8(a)(2).  *Pro se* complaints, such as that filed by Williams, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Arnett*, 658 F.3d at 751.

### III. THE COMPLAINT

Williams's lawsuit arises from his employment as a driver at Get Fresh Produce's Whitestown location, including the termination of his employment on January 7, 2026.  Williams, who is a member of an unspecified racial minority group, alleges that he was subjected to racially charged and offensive remarks, including that he "count[s] as two people" when requesting assistance and that he was a gang member and others should "stay away" from him.  While he does not bring a claim for discrimination based on his religion, Williams also points to religious harassment and inappropriate jokes related to his identity as a Muslim.  Although he reported these concerns to management, no corrective action was taken.

Williams was also treated differently because of his race.  Rules were inconsistently applied, including rules about timekeeping, breaks, and paid

leave.  When Williams requested time off in June 2025 to attend his daughter's graduation, his request was denied even though he had provided two weeks' notice of the absence and had adequate paid time off available.  A newly hired Caucasian employee was given a full week off shortly thereafter.  When Williams spoke with management about the disparity, they told him they would look into it, but no corrective action ultimately followed.

Williams "experienced increased hostility, scrutiny, and adverse treatment" after he reported his concerns to management.  *Id.* at 12.  For example, he was threatened and harassed, repeatedly skipped for overtime opportunities, and his requests to change his delivery route or transfer to another job site were ignored when other employees were allowed these privileges.  On one occasion, when he left work early for a family emergency, his general manager "confronted [him] aggressively," forcing him to clock out "to avoid further conflict."  *Id.*

Williams was terminated on January 7, 2026.  He alleges that his termination was pretextual but does not detail the justification that management provided.  He does mention that he was "written up for an alleged Hours of Service violation" on December 24, 2025, which he "signed . . . under protest" because he "ha[d] not been provided the [employee] handbook in a timely manner" after requesting a copy.  *Id.* at 12.

Williams filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  The EEOC issued him a Notice of Right to Sue.  The complaint does not record the date Williams received the EEOC's

4

Notice, but the copy of the Notice attached to the complaint as an exhibit indicates that it was issued on February 4, 2026. Dkt. 1-1 at 1. Williams filed his complaint on March 25, 2026, within 90 days of the Notice's date. Dkt. 1. Williams also attached two other exhibits: a copy of a final determination the Indiana Department of Workforce Development issued to him after investigating the circumstances of his termination, and a letter from Human Resources at Get Fresh Produce verifying the date of his termination.

In this lawsuit, Williams brings four claims: racial discrimination under Title VII, 42 U.S.C. § 2000e (Count I); retaliation under Title VII, 42 U.S.C. § 2000e-3(a) (Count II); racial discrimination and retaliation under 42 U.S.C. § 1981 (Count III); and wrongful termination under Title VII and 42 U.S.C. § 1981 (Count IV). He requests back pay and lost benefits, front pay or reinstatement, compensatory damages for emotional distress, punitive damages, attorney's fees, costs, and pre- and post-judgment interest.

Page 9 of the complaint contains boilerplate requests for discovery-related relief that are out of context and appear to be inadvertently interpolated. Dkt. 1 at 9. As no scheduling order has yet been entered and no discovery is yet underway, the relief in these paragraphs is **DENIED** as premature. The Court cautions Williams to review future filings carefully.

## IV. DISCUSSION

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

To plead a claim under Title VII, the plaintiff must allege "(1) who discriminated against [him]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Similarly, Section 1981 prohibits racial discrimination in the making, enforcing, and terminating of contracts, including employment contracts. 42 U.S.C. § 1981. "The legal analysis for discrimination claims under Title VII and § 1981 is largely identical." *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (citing *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 788 (7th Cir. 2019)). The only difference (immaterial at the pleading stage) is that "[r]ace discrimination claims under Title VII simply require that race be a "motivating factor in the defendant's challenged employment decision," *id.* (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am.–Owned Media*, 589 U.S. 327, 337 (2020)), while Section 1981 claims require a showing that the plaintiff's race was the "but-for cause" of the injury, *id.*

A plaintiff bringing Title VII claims must exhaust his administrative remedies by filing a charge with the EEOC and then waiting to sue until the Commission has investigated the charge and notified the plaintiff that the Commission does not intend to sue (the "right to sue" letter). 42 U.S.C. § 2000e-5(c), (e), (f)(1); *see Doe v. Oberweis Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006). Section 1981 has no administrative exhaustion requirement.

Considering Williams's factual allegations, the Court has not determined that Williams's claims against Get Fresh Produce for racial discrimination, retaliation, and wrongful termination must be dismissed at this time under

6

§ 1915(e), so the claims in all four counts of Williams's complaint **shall proceed.** This ruling is without prejudice to the filing of a proper motion under Rule 12 of the Federal Rules of Civil Procedure.

### V. CONCLUSION AND DIRECTION OF FURTHER PROCEEDINGS

For these reasons, Williams's Motion for Leave to Proceed *In Forma Pauperis,* dkt. [2], is **GRANTED,** and his claims shall proceed as submitted.

The **Clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to **issue process** to defendant Get Fresh Produce, LLC, in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1; its exhibits and attachments, dkt. 1-1 through 1-3; applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons, and Waiver of Service of Summons); and this Order.  Courtesy copies of the process documents **shall also be served electronically** on Get Fresh Produce's attorneys appearing in this matter.

Williams has also filed a document entitled "Exhibit H."  Dkt. [13].  That filing contains some prefatory matter drafted and signed by Williams followed by a document purported to be Get Fresh Produce's Employee Handbook.  The prefatory matter includes a motion to "file and consider Exhibit A in ruling on Defendant's Motion for Summary Judgment."  *Id.* at 3.  The Court construes Williams's reference to "Exhibit A" in this motion to mean the entirety of Docket No. 13.  No motion for summary judgment has been filed in this case, and Williams may not file an exhibit in response to a motion that does not exist. Accordingly, the **Clerk is directed** to **STRIKE** dkt. [13] from the docket.

Only those documents "attached as an exhibit to a pleading" are considered part of the pleadings. Fed. R. Civ. P. 10(c). If Williams seeks to incorporate the Employee Handbook into the pleadings, he must file an amended complaint either listing its relevant provisions among his factual allegations or directly attaching the Employee Handbook as an exhibit, or both. Williams may file an amended complaint **on or before May 22, 2026,** without further leave of Court, if he wishes to introduce additional claims, allegations, or written instruments into the pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

Any amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, No. 1:26-cv-00601-JRO-MJD, and the words "Amended Complaint" on the first page. An amended complaint completely replaces the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, any amended complaint must set out every defendant, claim, and factual allegation Williams wishes to pursue in this action. It must also include any exhibits Williams wishes to incorporate into the pleadings. If Williams files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915(e).

8

## VI. MOTION FOR EXTENSION OF TIME TO RESPOND

Get Fresh Produce has filed a motion for an extension of time to respond to the complaint.  Dkt. [16].  Get Fresh Produce explains that it "was notified of this lawsuit via a courtesy copy of the Complaint sent via U.S. Mail to legal counsel on or about April 10, 2026," but that it "does not concede that this constitutes formal service of process."  *Id.* at 1–2.  The Court notes that Williams's unsigned affidavit alleging that service has been made, dkt. 7, does not establish proof of service. *See also* Dkt. 16 at 1 n.1 (disputing the accuracy of Docket No. 7).  Given that this Order directs the Clerk to effectuate formal process on behalf of Williams, however, Get Fresh Produce's request for an extension of time to respond, dkt. [16], is **DENIED AS MOOT.**  Once formal process has been effectuated, Get Fresh Produce may respond in due course or obtain an extension pursuant to the procedures in Local Rule 6-1(b).  Get Fresh Produce is not obligated to respond to the complaint until formal process has been served or it has waived service as detailed in the applicable forms.

**SO ORDERED.**

Date: 4/24/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

SOLOMON WILLIAMS
3904 Breen Dr.
Indianapolis, IN 46235

9

Laurie E. Martin
HOOVER HULL TURNER LLP
lmartin@hooverhullturner.com

Megan Riley
Hoover Hull Turner LLP
mriley@hooverhullturner.com