UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SOLOMON WILLIAMS,                        )
                                         )
                    Plaintiff,           )
                                         )
v.                                       ) No. 1:26-cv-00601-JRO-MJD
                                         )
GET FRESH PRODUCE, INC.,                 )
                                         )
                    Defendant.           )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

The Court previously granted Plaintiff Solomon Williams's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. [2]. Williams has filed a second amended complaint which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, Williams's claims shall proceed as submitted. Defendants shall answer or otherwise respond within **fourteen (14) days**.

**I. SCREENING STANDARD**

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915(e) is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as

true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2). *Pro se* complaints, such as that filed by Williams, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751.

## II. THE COMPLAINT

Williams's lawsuit arises from his employment as a driver at the Whitestown location of Defendant Get Fresh Produce, Inc. ("Get Fresh"), and the termination of his employment on January 7, 2026. Williams, who is a member of an unspecified racial minority group, alleges that he was subjected to racially charged and offensive remarks by Get Fresh management, including that he was affiliated with gangs and others should "stay away" from him. Williams reported these concerns to human resources and ultimately sought to transfer to another branch.

Get Fresh supervisor Wendell Majority told Williams's coworkers that Williams thought he could work anywhere.  Majority stated that management had close relationships with company leadership and that it would be difficult for Williams to obtain different employment.  Williams understood these remarks as discouragement against transferring and threats that it would be difficult for Williams to obtain future employment opportunities.

Williams was also treated differently because of his race.  Rules were inconsistently applied, including rules about timekeeping, breaks, and paid leave.  Where others received leniency, Williams was disciplined.  When Williams requested time off in June 2025 to attend his daughter's graduation, his request was denied.  Similarly situated Caucasian employees were treated more favorable regarding time-off requests.  Williams "was subjected to increased scrutiny and discipline" after he reported his concerns to human resources.  Dkt. 32 ¶ 20.

Williams was terminated on January 7, 2026.  He alleges that his termination was pretextual but does not detail the justification that management provided.  He does mention that he was "written up for an alleged Hours of Service violation" on December 24, 2025.  *Id.* ¶ 21.

Williams filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  The EEOC issued him a Notice of Right to Sue.  *Id.* at 9.  The complaint does not record the date Williams received the EEOC's Notice, but the copy of the Notice attached to the complaint as an exhibit indicates that it was issued on February 4, 2026.  *Id.*  Williams filed his complaint on March 25, 2026, within 90 days of the Notice's date.  Dkt. 1.  Williams

3

attached approximately 160 pages of exhibits to his amended complaint.  Dkt. 32 at 6–174.  These include the Get Fresh employee handbook, various Get Fresh policies, one of Williams's performance evaluations, and other materials related to his employment.

### III. DISCUSSION

Williams brings claims for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 (Count I) and retaliation under Title VII, 42 U.S.C. § 2000e-3 (Count II).  He requests back pay and lost benefits, compensatory damages for emotional distress, reputational harm, and loss of employment opportunities.

Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  To plead a racial discrimination claim under Title VII, the plaintiff must allege "(1) who discriminated against [him]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Similarly, Section 1981 prohibits racial discrimination in the making, enforcing, and terminating of contracts, including employment contracts.  42 U.S.C. § 1981.  "The legal analysis for discrimination claims under Title VII and § 1981 is largely identical." *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (citing *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 788 (7th Cir. 2019)).  A plaintiff bringing Title VII claims must exhaust his administrative remedies by filing a charge with the EEOC and then waiting to

sue until the Commission has investigated the charge and notified the plaintiff that the Commission does not intend to sue (the "right to sue" letter).  42 U.S.C. § 2000e-5(c), (e), (f)(1); *see Doe v. Oberweis Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006).  Section 1981 has no administrative exhaustion requirement.

Title VII also prohibits an employer from retaliating against an employee "on account of [the] employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013).

Considering Williams's factual allegations, and construing the second amended complaint liberally given his *pro se* status, all of Williams's claims against Get Fresh Produce **shall proceed** at this stage.

## IV. CONCLUSION

Williams's claims of racial discrimination and retaliation as plead in Count I and Count II of Williams's second amended complaint **shall proceed.**  Dkt. 32. These are the only claims that shall proceed in this litigation.

**The clerk is directed** to update the caption of this case to reflect the correct defendant: Get Frech Produce, LLC.

Pursuant to Magistrate Judge Dinsmore's order, dkt. 31, Defendant shall answer or otherwise respond to the second amended complaint **within fourteen (14) days** of this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/13/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

SOLOMON WILLIAMS
3904 Breen Dr.
Indianapolis, IN 46235

Laurie E. Martin
HOOVER HULL TURNER LLP
lmartin@hooverhullturner.com

Megan Riley
Hoover Hull Turner LLP
mriley@hooverhullturner.com